**UNITED STATES of America**

v.

**Larry D. FORDHAM.**

**No. 87–30–01–CR–4.**

United States District Court,
E.D. North Carolina,
New Bern Division.

Nov. 13, 1987.

Matthew Bogdanas, Naval Investigative Service, Camp Lejeune, N.C., c/o Francis Douglas, Washington, N.C., for U.S.

William E. Martin, Federal Public Defender, Raleigh, N.C., for Fordham.

## ORDER

BRITT, Chief Judge.

This matter is before the court on the motion by the defendant to set the case for disposition before a federal magistrate pursuant to 18 U.S.C. § 3401 and Local Rule 61.01(a). The defendant is charged in a two-count indictment. The first count charges that on or about the tenth day of January, 1987 the defendant unlawfully aided and assisted the attempted escape of Carlton J. Smith from the lawful custody of the United States Marshal for the Eastern District of North Carolina in violation of 18 U.S.C. § 752. The second count charges the defendant with conspiracy to commit the substantive offense described in the first count. The defendant contends that this case should be set before a magistrate because the crimes that he is alleged to

have committed are misdemeanors pursuant to 18 U.S.C. § 752(b). The government argues that the defendant is alleged to have committed felonies pursuant to 18 U.S.C. § 752(a) and it would therefore be improper to set the case before a magistrate.

## FACTS

In July 1986 the government filed a juvenile information against Carlton J. Smith alleging, as acts of juvenile delinquency, the commission of three murders within the exclusive jurisdiction of the United States. These acts allegedly occurred in August of 1981 when Smith was fifteen years of age.

On 9 July 1986 United States Magistrate Charles K. McCotter, Jr., ordered that Smith be held in pre-trial custody under the conditions required for the treatment of juveniles pursuant to the Juvenile Delinquency Act, 18 U.S.C. § 5031 *et seq.* On 11 July 1986 the government filed a motion to transfer Smith's case to district court for criminal prosecution pursuant to provisions of the 1984 amendments to the Juvenile Delinquency Act. These amendments authorized transfer of a juvenile case to district court for criminal prosecution in certain cases where the alleged violation of law occurred after the defendant's fifteenth birthday. Prior to the 1984 amendments a juvenile could be transferred to district court for criminal prosecution only in cases where the alleged criminal violation was alleged to have occurred after the defendant's sixteenth birthday.

On 31 July 1986 United States District Court Judge James C. Fox granted the government's motion for transfer, holding that the 1984 amendments to the Juvenile Delinquency Act were procedural in nature and could therefore be applied retroactively to Smith's case. Smith appealed the decision of the district court, contending that on the date of the alleged offense the Juvenile Delinquency Act authorized transfer of a juvenile case only if the alleged offense occurred after the defendant's sixteenth birthday. Smith argued that since he was only fifteen at the time of the alleged offenses he could be tried only as a juvenile.

On 10 January 1987 the defendant, Larry D. Fordham, and other individuals allegedly attempted to help Carlton J. Smith escape from the custody of the Attorney General. That attempt was unsuccessful.

On 26 May 1987 the Court of Appeals for the Fourth Circuit reversed the judgment of the district court holding that the Juvenile Delinquency Act, as it existed at the time of Smith's alleged offenses, was controlling and that the attempt to transfer the case to district court pursuant to the 1984 amendments was constitutionally forbidden by the *ex post facto* clause. *United States v. Juvenile Male*, 819 F.2d 468 (4th Cir.1987).

## DISCUSSION

This court must determine whether the alleged attempt and conspiracy to rescue Carlton J. Smith alleges a felony or a misdemeanor. 18 U.S.C. § 752 prohibits individuals from instigating or assisting the escape of a prisoner from the custody or confinement of the Attorney General. The statute distinguishes the misdemeanor crime of instigating or assisting escape from felonious instigating or assisting escape. Section 752(a) describes the felony and Section (b) describes the misdemeanor. The difference in treatment centers on the status of the individual in the custody of the Attorney General. Therefore, a determination of whether the defendant in the instant case may be charged with a felony or a misdemeanor depends upon the status of Carlton J. Smith at the time of the alleged attempted escape.

Since at the time of the alleged escape attempt Carlton J. Smith enjoyed the status of a person in the custody of the Attorney General under Section 752(b), the charges in this case allege a misdemeanor. Title 18, United States Code, Section 752 states in relevant part as follows: "Whoever rescues or attempts to rescue ... any person in the custody of the Attorney General or his authorized representative shall if the custody or confinement is ... by virtue of a commitment as a juvenile delinquent under Section 5034 of this title [be guilty of a misdemeanor]." Since Carlton J. Smith

**198**

was held as a juvenile delinquent pursuant to 18 U.S.C. § 5034 at the time of the alleged escape attempt, the defendant is only charged with a misdemeanor.

The defendant could not be charged as a felon under Section 752(a). That section applies only "if the custody or confinement [of the individual committed to the custody of the Attorney General] is by virtue of an arrest on a charge of felony or conviction of any offense." Since at the time of the alleged escape attempt, Carlton J. Smith was not confined by virtue of an arrest on a felony charge nor convicted of any offense, Section 752(a) should not apply to the individuals who attempted to effect his escape.

The government argues that since the alleged escape attempt took place between the time that the district court ruled that Carlton J. Smith could be tried as an adult and the time that the Fourth Circuit Court of Appeals reversed that holding, Carlton Smith should be treated as an individual in confinement by "virtue of an arrest on a charge of felony" for purposes of Section 752. The court does not accept that argument. At the time of the alleged escape attempt the Attorney General had authority to confine Carlton J. Smith by virtue of his commitment as a juvenile delinquent. The order of the district court allowing the government's motion to transfer Smith's case to district court did not alter the nature of Smith's confinement. Therefore, Smith could not be treated as an individual confined "by virtue of an arrest on a charge of felony."

Since the crimes as alleged in the indictment are misdemeanors the defendant's motion to be tried before a magistrate is allowed.

SO ORDERED.